## UNITED ELECTRIC CO. v. REPLOGLE.

(Court of Appeals of District of Columbia. Submitted March 15, 1923. Decided May 7, 1923.)

### No. 1591.

1. **Trade-marks and trade-names and unfair competition ⊜⇒21—Red band as trade-mark for vacuum cleaners held anticipated.**

   The use of a red band around the base as a trade-mark for vacuum cleaners was anticipated by a prior registered trade-mark, consisting of a red ring and the words "Red Ring," since a purchaser who had been advised to buy a red ring cleaner would ordinarily accept the product bearing the red band.

2. **Trade-marks and trade-names and unfair competition ⊜⇒44—Doubt as to similarity between marks resolved in favor of first user.**

   Where a registered trade-mark was known, or should have been known, to the applicant before he adopted his trade-mark, any doubt as to the deceptive similarity between the marks should be resolved in favor of the first comer, since the field from which the applicant could have drawn its mark was practically unlimited, and there was no reason for adopting one closely resembling that of a business rival.

Appeal from the Commissioner of Patents.

Application by the United Electric Company for registration of a trade-mark, opposed by Daniel B. Replogle. From a decision of the Commissioner of Patents, sustaining the opposition, the applicant appeals. Affirmed.

Harry Frease, of Canton, Ohio, for appellant.

D. B. Replogle, of Toledo, Ohio, pro se.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice. The United Electric Company made application for the registration of a trade-mark entitled "A Red Band," applied to vacuum cleaners, as shown in the following drawing:

||||||||| Indicates the red band shown in the original.

It showed that it had used the mark continuously in its business since 1918. Replogle opposed the registration on the ground that he owned a registered trade-mark which he had applied continuously to vacuum cleaners since its registration in 1912. The certificate of registration describes the mark as "a red ring and the words 'Red Ring,'" which is illustrated as follows:

[1] No testimony was taken by either party, and the matter was submitted on the single proposition by the applicant that the marks, although applied to goods of the same descriptive properties, were so dissimilar that there was no likelihood that, if used, they would produce confusion in the minds of persons desiring to purchase vacuum cleaners. The applicant confines the use of its ring or band to the base of the motor, and counsel claims that this distinguishes it from the mark of the opposer. But we do not think the position in which applicant places its mark is determinative. As said by the Examiner of Interferences, Replogle by virtue of his registration—

Above was printed red in original.

"is entitled to assert ownership of the words 'Red Ring' and the representation of a red ring as applied to vacuum cleaners. The colored band applied to applicant's goods might aptly be described as a 'red ring,' and it is believed that a purchaser who had been advised to buy a 'Red Ring' cleaner, or had seen a reference to a 'Red Ring' cleaner, would ordinarily accept applicant's product bearing the red band or ring as answering the description of 'Red Ring.'"

[2] Replogle caused his mark to be registered in 1912. This was known, or should have been, to the applicant when it adopted its mark six years later. The field from which applicant could have drawn a

mark was practically unlimited. No just reason, therefore, is perceived for adopting one so closely resembling that of its business rival. If there was any doubt in our minds about the matter, but there is none, we would resolve it in favor of the first comer, Replogle. Waltke v. Schafer, 263 Fed. 650, 49 App. D. C. 254; Aunt Jemima Mill Co. v. Blair Milling Co., 270 Fed. 1021, 50 App. D. C. 281.

The Commissioner was undoubtedly right in sustaining the opposition, and therefore we affirm his decision.

Affirmed.